UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH ANTHONY MCDANIELS, | CASE NO. C14-1508JLR |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Before the court are pro se Petitioner Joseph Anthony McDaniels' "motion for discovery materials" and "motion for order pertaining to . . . legal documents" (Mot. (Dkt. # 13)), as well as Mr. McDaniels' objections to questions posed by the Government to his former counsel (Obj. (Dkt. # 16)). For the reasons discussed below, the court DENIES Mr. McDaniels' motions and OVERRULES his objections.

Mr. McDaniels' motion for discovery materials asks the court to allow Mr. McDaniels to review discovery materials. (*See* Mot. at 1.) The motion regarding legal

ORDER- 1

documents asks to the court to allow Mr. McDaniels to receive legal documents "without hindrance by the FBOP [Federal Bureau of Prisons]." (*Id.*)

The court has reviewed the pleadings related to the motions (Mot.; Resp. (Dkt. # 17)) and is satisfied that all the Government's discovery materials have been provided to Mr. McDaniels. The only exception seems to be materials deemed protected under the court's protective order issued in Mr. McDaniels' underlying criminal case. (*See United States v. McDaniels*, No. CR12-0185JLR, Dkt. # 39.) These documents were discussed with Mr. McDaniels by his appointed standby counsel, Assistant Federal Public Defender Chris Kerkering. (*See* Mem. re Petition (Dkt. # 3) Exs. (Dkt. # 3-1) at 45-49 (letter from Mr. Kerkering).) Certain materials, such as photos of women in provocative poses and sample oral sex photos, were not provided to Mr. McDaniels as they are prohibited by the Bureau of Prisons' ("BOP") rules or were not relevant to Mr. McDaniels' case. (*See id.*) As such, the court denies Mr. McDaniels' motion for discovery materials.

Furthermore, based on the pleadings and representations provided by Mr. McDaniels, the court denies the motion regarding legal documents. Mr. McDaniels may be hindered by BOP policies about what he can or cannot review while in prison, but the court declines to order the BOP to provide Mr. McDaniels with unlimited ability to review and retain prohibited materials while in prison.[1] The court has crafted a series of

---

[1] The court also declines to issue any order in response to Mr. McDaniels' accusation that BOP officials are "opening, reading, and/or copying" Mr. McDaniels' legal documents outside his presence and without his permission. (Mot. at 3-4.) Mr. McDaniels makes these accusations on "information and belief," yet he offers no evidence from which the court could conclude that BOP officials have in fact engaged in improper conduct. (*See id.*)

ORDER- 2

procedures to allow Mr. McDaniels to proceed pro se (as he did in the underlying criminal case) while balancing the fact that he is incarcerated for convictions related to escort services. (*See* 1/29/2015 Order (Dkt. # 12).) The court finds no justification for further accommodations at this time.

The court has also reviewed Mr. McDaniels' objections to the Government's written questions to his former standby counsel. (Obj.; Status Mem. (Dkt. # 14) Ex. A (Dkt. # 14-1) (proposed letter to Mr. Kerkering); *see also id.* Ex. B (Dkt. # 14-2) (proposed letter to former appellate counsel, Ms. Silverstein).) Mr. McDaniels' objections can be summarized as requesting that he be permitted to ask questions; that his former standby counsel was unethical; and that his former standby counsel might not be forthcoming and honest in answering the Government's written questions. (*See* Obj. at 1-2.) As relief, Mr. McDaniels requests an evidentiary hearing where he will "show a pattern of disdain between [Mr. McDaniels], the stand-by counsel, and others associated with stand-by counsel." (*Id.* at 2.) In addition, Mr. McDaniels asks for special treatment under BOP rules and, again, asks to be transferred to a facility that will allow him "unfettered access to his discovery." (*Id.* at 3.) None of Mr. McDaniels' objections has merit, and the court therefore overrules his objections and denies his requested relief.

//

//

//

//

//

ORDER- 3

1  For the reasons stated above, the court DENIES Mr. McDaniels' motion for

2  discovery and motion regarding legal documents (Dkt. # 13) and OVERRULES Mr.

3  McDaniels' objections to the Government's written questions to his former counsel (Dkt.

4  # 16). Further, the court AUTHORIZES the Government to send its proposed letter to

5  Mr. Kerkering (Dkt. # 14-1) as well as its proposed letter to Ms. Silverstein (Dkt. # 14-2).

6  Those letters must be altered, however, to reflect the court's order that Mr. Kerkering and

7  Ms. Silverstein are to send their responses to the court, not the Government.[2]

8  Dated this 21st day of April, 2015.

JAMES L. ROBART
United States District Judge

---

[2] (See 1/29/2015 Order at 4-5 ("After either Mr. McDaniels or the court authorizes the Government's letters to be sent, any responses from former counsel, along with any documents that are produced, shall be sent to the court. The court will then forward copies to Mr. McDaniels, who will have 15 days to file any objections. If Mr. McDaniels makes any objections, the court will rule on his objections before the responses and documents are provided to the Government.").)